OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order pursuant to CPLR 3212 granting summary judgment to the plaintiff for the relief demanded in the complaint against the defendant, Bank of New York. The action seeks to recover damages alleged to have resulted from the defendant’s purported wrongful payment of a check to defendants, Nacua and Brandow, in violation of a stop payment order by the plaintiff.
The pertinent facts herein are not in dispute. On November 27,1979, plaintiff issued a check drawn on the Bank of New York (Bank), payable to Nacua Motors, Inc., for the sum of $4,247.65. Thereafter, on November 29, 1979, plaintiff executed a stop payment order with the Bank for a check in the sum of $4,287.65. Defendants assert, and plaintiff does not dispute, that she was told that in order for her stop payment request to be effective, it was necessary that she provide the exact dollar amount of the check on the stop payment order. On November 30, 1979, the check was presented to the Bank for payment. The wrong *914 dollar amount of said instrument having been recorded in the computer, no record of the stop payment order was forthcoming, and the check was paid to Nacua Motors, Inc.
Subdivision (1) of section 4-403 of the Uniform Commercial Code provides in pertinent part that “A customer may by order to his bank stop payment of any item payable for his account but the order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank”. In the case at bar, it is not disputed that the stop payment order contained a mistake in the amount of the check, or that the plaintiff was advised of the necessity for an accurate statement as to said amount. Counsel for plaintiff argues that “computer error” by the bank should not preclude his client from a recovery herein.
At first blush, it would appear that this court must determine the guilt or innocence of a computer. But such is not the case. In our modern machine age, it is tempting to shift the ills of society onto the heartless, mechanical world of computers. Yet, responsibility cannot be so easily escaped since a computer, not unlike an infant of tender years, is totally dependent on being spoonfed by a human world. A computer error must always relate back to a human error, whether it be the human as source of the information fed into it, the human as creator of its programming or the human as mechanic for its proper functioning.
Had plaintiff presented the bank with the correct amount of the check, and thereafter, the computer failed to detect the stop payment order, plaintiff would then be correct in her contention that the computer through its master, the bank, had erred. However, such is not the case. Defendant Bank’s request for the exact amount was not unreasonable and is in fact mandated by a stop payment system, necessarily computerized due to the large number of branch offices where such an instrument could be negotiated. Nor is plaintiff’s contention that she should not be held responsible for a mere “1 digit mistake”, a valid one in that one digit can be a world of difference to a computer, who by nature, is quite finicky.
*915 Accordingly, the motion for summary judgment on behalf of codefendant, Bank of New York, shall be granted.